**In re CCI WIRELESS, LLC a Colorado limited liability company, Debtor.**

**No. 02–11519–SBB.**

United States Bankruptcy Court, D. Colorado.

July 30, 2002.

Jeffrey Weinman, Denver, CO, for debtor.

Leo M. Weiss, Denver, CO, U.S. Trustee.

Joe T. Stroud, III, Phoenix, AZ, for Creditor Committee.

## ORDER

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER came before the Court on the Motion to Alter or Amend Judgment filed July 3, 2002 by Stonebriar Mall Limited Partnership, River Hills LLP, Eden Prairie Mall LLC, Dallas Galleria Limited ("Movants") and the Debtor-in-Possession's Response thereto filed July 22, 2002. The Court has reviewed the pleadings and the Court's June 24, 2002 Memorandum Opinion and Order, and is otherwise advised on the issues. The Court does hereby issue the following findings, conclusion and order.

1. Movants filed their Motion to Alter or Amend Judgment with regard to this Court's Memorandum Opinion and Order issued June 24, 2002. That Order (a) granted the Debtor's request to approve its rejection of unexpired real property leases on a *nunc pro tunc* basis, and (b) denied the Movants' request that the Debtor be compelled to pay its initial post-petition rents on a pro rated basis rather than on a monthly/contractual basis (on an accrual rather than "performance date" basis).

2. While not waiving any rights of appeal, the Movants are not, here, challenging those two rulings by this Motion to Alter or Amend Judgment. Rather, the Movants seek entry of an order approving their request to be paid certain post-petition rent, as follows:

| | | |
|---|---|---|
| a. | Stonebriar Mall | $8,257.53 for rent due on March 1, 2002 |
| b. | River Hills Mall | $4,624.20 for rent due on March 1, 2002 |
| c. | Dallas Galleria | $6,122.07 for rent due on March 1, 2002 |
| d. | Eden Prairie Center | $11,509.90 for rent due on March 1 and April 1, 2002 |

3. Debtor-in-Possession opposes granting the Motion to Alter or Amend Judgment on the grounds that the Movants are seeking, essentially and effectively, the award of an administrative expense claim in an improper and procedurally incorrect manner. The Debtor-in-Possession further suggests that there are legally sufficient and factually supported grounds on which *to not grant an administrative expense,* in whole or in part, to the Movants as requested.

4. The Court is persuaded that, indeed, the Movants are improperly requesting the award of a Section 503 cost of administration under 11 U.S.C. § 365.

5. By way of example, the Court made certain findings and conclusions concerning leases at Stonebriar Mall, Dallas Galleria, River Hills Mall, and Eden Prairie Center. Those leased properties were, at certain times relevant to the bankruptcy, *not* used and/or were *not* available and/or did *not* benefit the Debtor. That factor and finding may affect the Movants' rights to a Section 503 administrative claim.

6. Movants need to proceed in collecting their rent/lease claims in a manner consonant with Section 503(b)(1)(A). and Rule 3002(c)(4), Fed.R.Bankr.P., as well as with Section 365(d). *See,* 11 U.S.C. § 503(b)(1)(A); *In re Coal–X Ltd., "76",* 103 B.R. 276 (D.Utah 1986), *aff'd in part and rev'd in part,* 881 F.2d 865 (10th Cir.1989) ("Any claim for rent accruing postpetition under the bankruptcy law applicable to this case is an administrative claim against the estate, but only for the

reasonable value of the debtor's actual use and occupancy of the premises during the administration of the estate.").

For the reasons set forth hereinabove,

IT IS ORDERED that the Movants' Motion to Alter or Amend Judgment is hereby DENIED.